■ MARY GOMEZ, Respondent, v ROMAN GOMEZ, Appellant. —In a matrimonial action, (1) the defendant husband appeals from an order of the Supreme Court, Nassau County (Widlitz, J.), dated April 16, 1985, which, on the court's own motion, modified its prior order, dated December 4, 1984, by deleting the final paragraph thereof directing the defendant husband to execute an assignment of a portion of his monthly pension payment to the plaintiff wife, and substituting therefor a provision directing the New York State Policemen's and Firemen's Retirement System to pay a portion of the defendant husband's monthly pension payment directly to the plaintiff wife at her residence, and (2) the plaintiff wife appeals from so much of orders of the same court, dated November 27, 1984 and December 4, 1984, respectively, and cross-appeals from so much of the order of the same court, dated April 16, 1985, as, *inter alia,* failed to direct that she receive one half of the defendant husband's pension payments as specified in the judgment of divorce.

Ordered that the appeals by the plaintiff wife from the orders dated November 27, 1984 and December 4, 1984, respectively, and the cross appeal by the plaintiff wife from the order dated April 16, 1985, are dismissed, without costs or disbursements, for failure to perfect the same in accordance with the order of this court, dated February 25, 1986, which

ordered said appeals and cross appeal on the calendar for the June 1986 Term; and it is further,

Ordered that upon the appeal by the defendant husband, the order dated April 16, 1985, is affirmed, with costs.

By order dated December 4, 1984, which was not appealed by the defendant husband, Special Term, *inter alia,* granted the plaintiff wife's request for a method of direct payment of a previously granted " 'distributive award' of fifty (50) per cent of [the] defendant's then net [monthly] pension [benefit] of $1,117.00", payable by the New York State Policemen's and Firemen's Retirement System, "in light of what appear[ed] from the motion papers to be a longstanding failure by [the] defendant to make such payments". Specifically, the defendant husband was "directed to execute an assignment of pension payments in the sum of $558.00 per month to the plaintiff".

When Special Term was informed that the retirement system would not honor an assignment but that it would honor a court order specifically directing it to make payments to the plaintiff wife, the court, "on its own motion in the interest of justice" issued an order, dated April 16, 1985, which modified its order of December 4, 1984, by deleting the assignment provision and substituting therefor a provision directing the retirement system to pay directly to the plaintiff wife her share of the defendant husband's monthly pension benefits. The clear purpose of this modification was to effectuate Special Term's determination that the plaintiff wife was entitled to the direct payment of her distributive share of the defendant husband's monthly pension benefits.

Contrary to the defendant husband's contention, the April 16, 1985 order was not "an earnings assignment [order issued] pursuant to [former] § 49 (b) of the Personal Property Law" (recodified as CPLR 5242). Moreover, the order was not issued in contravention of the defendant husband's due process rights. Finally, there is nothing in this record supporting a conclusion that the order was based upon any allegedly false statements made by the plaintiff wife. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.